1/14/2022 9:05 AM
Brandy Robertson
County Clerk
Orange County, Texas

CAUSE NO. 24868 _____

| | | |
|---|---|---|
| ELIZABETH STRICKLAND | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| Defendant | § | ORANGE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Plaintiff, ELIZABETH STRICKLAND, complaining of WAL-MART STORES TEXAS, LLC, hereinafter referred to as Defendant, and in support of same would respectfully show unto this Honorable Court the following:

I.

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190, Plaintiff intends to conduct discovery in this case under Level 2 of the Discovery Control Plan. At the time of filing this lawsuit, Plaintiff seeks monetary relief "of $250,000 or less, excluding damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees," in accordance with TRCP paragraph (c) (1) of R. 47.   The damages sought are within the jurisdictional limits of this Court. Plaintiff reserves the right to amend this petition, including this provision, as the case continues.

II.

Plaintiff, ELIZABETH STRICKLAND, is an individual who resides in Orange County, Texas.  The last three digits of her social security number are 649.

Exhibit A

Defendant Wal-Mart Stores Texas, LLC is a corporation organized and existing under and by virtue of the law of some state other than the state of Texas, with an agent for service in the state of Texas, to wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

IV.

Plaintiff alleges that venue is proper in Orange County, Texas because all or a substantial part of the acts or omissions made the basis of this suit occurred in Orange County, Texas. Moreover, Plaintiff alleges that this Court has jurisdiction herein in that the amount in controversy is within the jurisdictional requirements of this Court, exclusive of costs and interest.

V.
FACTS

This suit is brought in accordance with the laws of the State of Texas for the recovery of those damages, which Plaintiff is justly entitled to recover over and from the Defendant. On or about October 9, 2020, Plaintiff, ELIZABETH STRICKLAND, was involved in an accident at Wal-Mart Stores Texas, LLC, 3115 Edgar Brown Dr, West Orange, TX 77630. Plaintiff was walking in Defendant's store, shopping for groceries when she slipped and fell in water which was leaking from a freezer unit. As a result of the fall, Plaintiff suffered severe injuries to her knee and body in general.

VI.
NEGLIGENCE

The severe and permanent injuries suffered by Plaintiff were negligently caused by the Defendant, Wal-Mart Stores Texas, LLC, working by and through its agents and/or employees, in one or more of the following particulars, either singularly or in combination:

Exhibit A

a.   In failing to make proper repairs;

b.   In failing to warn of the dangerous condition that existed;

c.   In failing to inspect the premises;

d.   In failing to maintain the premises in a reasonably safe condition; and

e.   In committing various other acts and/or omissions of negligence to be specified in detail at the time of trial.

Each and all of the foregoing acts of negligence proximately caused or contributed to the personal injuries and damages sustained by Plaintiff.

Defendant is liable to Plaintiff for common law negligence. As store owners and operators in the business of attracting customers and providing them with a safe place to shop, Defendants owed Plaintiff, ELIZABETH STRICKLAND, as a customer, a duty to exercise ordinary care and a duty to provide a safe environment to shop. Defendant breached its duty to Plaintiff by failing to routinely and frequently inspect the store floor of dangerous conditions.

VII.
PREMISES LIABILITY

As a customer and patron of Wal-Mart Stores Texas, LLC, Plaintiff, ELIZABETH STRICKLAND was an "invitee" as that term is defined under Texas Law. Therefore, Defendant owed Plaintiff the legal duty to exercise reasonable care to protect her from unreasonably dangerous conditions on the premises that are known or discoverable. Defendant had actual and/or constructive knowledge of the unreasonably dangerous condition posed by a slipping hazard on the floor. Defendant breached its duty to Plaintiff by failing to employ reasonably prudent measures to reduce or eliminate the unreasonably dangerous condition posed by the slippery floor. Moreover, Defendant breached its duty to Plaintiff by failing to adequately warn of the danger posed by the slippery floor.

Exhibit A

## VIII.

Plaintiff would further show that as a proximate result of the Defendant's negligence, Plaintiff, ELIZABETH STRICKLAND, has undergone medical treatment and is still undergoing medical treatment.  Therefore, Plaintiff has incurred reasonable and customary medical expenses for necessary medical treatment.  Plaintiff will incur additional reasonable and necessary medical bills and will continue to incur such in the future, and probably for the rest of her life. Accordingly, Plaintiff sues for both past and future medical expenses.

## IX.

As a proximate result of Defendant's negligence, Plaintiff suffered severe injuries.  As a result of Plaintiff, ELIZABETH STRICKLAND's, injuries, she suffered the following damages:

a.    Physical pain and mental anguish in the past and future;

b.    Damage to earning capacity;

c.    Disfigurement in the past and future; and

d.    Medical expenses in the past and future;

Additionally, because Defendant was grossly negligent, Plaintiff is entitled to an award of exemplary damages.

## X.

Plaintiff would show that the negligence made the basis of this lawsuit, as committed by the Defendant, was of such a nature so as to constitute gross negligence as that term is applied and interpreted by the State of Texas.  Such being the case, Plaintiff is entitled to recover, and hereby sues for, the assessment of punitive damages over and against the Defendant.

Exhibit A

XI.

Although the amount of damages to be awarded herein is a matter lying largely within the discretion of the finder of fact, Plaintiff would show that this amount is within the jurisdictional limits of this Court.

XII.
PRAYER

Wherefore, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against, and recover of and from, Defendant, Wal-Mart Stores Texas, LLC, for:

a.    Actual damages;

b.    Both punitive and/or exemplary damages;

c.    Both pre- and post-judgment interest at the legal rate thereon for all damages;

d.    Cost of Court; and

e.    All other relief, at law or in equity, special or general, the Court deems appropriate.

Respectfully submitted,

TOWNSEND LAW FIRM
 218 Border Street
Orange, TX 77630
(409) 886-7200 Telephone
(409) 886-7204 Facsimile
townsend@rodneytownsendlaw.com

RODNEY A. TOWNSEND, JR.
STATE BAR NO. 24028070
ATTORNEY FOR PLAINTIFF

Exhibit A